1  JOHN J. KADLIC
   Reno City Attorney
2  JACK D. CAMPBELL
   Deputy City Attorney
3  Nevada State Bar #4938
   Post Office Box 1900
4  Reno, NV 89505
   (775) 334-2050
5  *Attorneys for City of Reno*
   *And Officer Harter*
6

7              UNITED STATES DISTRICT COURT
8                   DISTRICT OF NEVADA

9  ALI AMIR ABDUL AZIZ,                     Case No.: 3:14-cv-00457-RCJ-VPC

10         Plaintiff,
11    vs.

12
   ELDORADO RESORTS, LLC. THE CITY OF
13 RENO POLICE DEPARTMENT, and KELLE
   HARTER, individually and in her official
14 capacity,
15                                      /
16         Defendants.

17   **DEFENDANTS CITY OF RENO AND OFFICER HARTER'S**
18   **MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(6)**

19     COMES NOW, Defendants, CITY OF RENO, RENO POLICE DEPARTMENT and

20 OFFICER HARTER, (hereinafter "RENO DEFENDANTS"), by and through their attorneys

21 JOHN J. KADLIC, Reno City Attorney, and JACK D. CAMPBELL, Deputy City Attorney, and

22

23 hereby moves this court for an order dismissing certain claims related to the RENO

24 DEFENDANTS pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which

25 relief may be granted.

26 ///

27 ///

28

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

-1-

1

     This motion is made and based upon all pleadings and papers on file herein, the attached

2  memo of Points and Authorities, and any additional or further evidence this Court may deem just

3  and proper.

      DATED this __20th__ day of October, 2014.

4

5                                     JOHN J. KADLIC
                                      Reno City Attorney

6

7

8                          By:/s/ Jack D. Campbell
                                      JACK D. CAMPBELL

9                                      Deputy City Attorney
                                      Nevada State Bar #4938

10                                    Post Office Box 1900
                                    Reno, Nevada 89505

11                                    *Attorneys for City of Reno and*

12                                    *Officer Harter*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

2

3

### APPLICABLE LAW

4

5

6

7

8

9

10

11

12

13

14

15

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 129 S. Ct. at 1949 (internal citation omitted).

16

17

18

19

20

21

22

23

24

25

26

27

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal

28

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

1    quotation marks omitted). When the claims in a complaint have not crossed the line from

2    conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

3           In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the

4    court must accept as true all material allegations in the complaint as well as all reasonable

5    inferences that may be drawn from such allegations. *LSO, Ltd. V. Stroh*, 205 F.3d 1146, 1150

6    (9th Cir. 2000). The allegations of the complaint also must be construed in the light most

7    favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

8
     The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the
9
     complaint. *Navarro v. Block* 250 F.3d 729, 732 (9th Cir. 2001).
10

11          Recently, the Ninth Circuit Court of Appeals instructed the District Courts to "read the

12   allegations of a complaint in the context of the full documents which the allegations purport to
13
     summarize and, where appropriate, to accept the documents, rather than a characterization of the
14
15   documents, as the true account." *Rosales-Martinez v. Palmer*, 753 F.3d 890 (9th Cir. Nev.

16   2014). Accordingly, please find a copy of Reno Police Department Report No. 12-18357

17   attached as EXHIBIT 1; a copy of State of Nevada City of Reno Police Department Complaint,
18
     Citation # 550502 with attached witness statements attached as EXHIBIT 2; and a copy of a
19
20   Motion to Dismiss without Prejudice filed in the Municipal Court of the City of Reno, Case No.

21   12-18357, City of Reno v. Ali Amir Abdul-Aziz attached as EXHIBIT 3 and all are incorporated

22   herein by reference.

23   //

24   //
25
     //
26

27

28

## II

## DISCUSSION

As these documents show, Plaintiff's claims against Defendants HARTER and The CITY OF RENO POLICE DEPARTMENT are completely without factual support or legal justification.

**A. The Reno Police Department is a departmental entity of the City of Reno, and therefore is not an entity that may sue or be sued.**

NRS 41.031 waives sovereign immunity only for the State and political subdivisions of the State, and departments of political subdivisions are not suable entities. It is well established law that in the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued. *Wayment v. Holmes, 112 Nev. 232, 238, 912 P.2d 816 (1996).* Because CITY OF RENO POLICE DEPARTMENT is not a suable entity, all claims made against this entity must be dismissed.

**B.    Unlawful Arrest**

As Plaintiff admits in paragraph 30 of the complaint (Doc. # 1, p.6), HARTER did not detain or handcuff him, the ELDORADO RESORTS security personnel did. In fact, as Plaintiff admits, HARTER released him from his "shackles" and called for an ambulance to transport him to the hospital for his complaints of back pain. Nothing within these alleged facts show HARTER detaining or arresting the Plaintiff. In fact, as Plaintiff admits in paragraph 46 of the complaint (Doc. #1, p.8) HARTER, *in her own vehicle*, followed the ambulance to the hospital where she gave Plaintiff a copy of the citation signed by Eldorado Security Supervisor Steve Foster. (EXHIBITS 1& 2). These facts clearly show that Plaintiff was not being detained by HARTER as he rode by himself in the ambulance and sat by himself in the Renown Emergency Department awaiting treatment. Furthermore, the undeniable facts are that HARTER only gave

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

1  Plaintiff a copy of the criminal complaint signed by the Eldorado Security staff and did not arrest

2  him (EXHIBITS 1&2). The facts as alleged in the Complaint, and shown by EXHIBITS 1 & 2

3  fail to establish a claim for "unlawful arrest", and that claim should be dismissed as it applies to

4  HARTER and RENO POLICE DEPARTMENT.

5      **C.    Malicious Prosecution**

6          Plaintiff's claims of malicious prosecution are equally without factual or legal support.

7  First, the criminal trespass action was started by ELDORADO, and not HARTER or RENO

8  POLICE DEPARTMENT. As EXHIBIT 2 clearly shows, ELDORADO representative Steve

9

10  Foster brought the criminal charges, not HARTER.

11          As the City of Reno Municipal Court docket (EXHIBIT 3) shows, Plaintiff was not

12  prosecuted for the trespass charge. EXHIBIT 3 shows that Plaintiff entered a not guilty plea on

13  October 23, 2012, and that nothing else occurred until the Reno City Attorney filed the motion to

14

15  dismiss the charges on December 27, 2013 which was granted by the Municipal Court Judge on

16  January 2, 2014. Other than appearing to answer the charges of trespass, Plaintiff was never

17  prosecuted by either HARTER or CITY OF RENO POLICE DEPARTMENT. Accordingly, the

18  facts alleged in the complaint fail to state a claim against these Defendants and should be

19

20  dismissed.

21      **C.    Qualified Immunity**

22          A police officer sued under §1983 is entitled to qualified immunity unless it is shown that

23  the officer violated a statutory or constitutional right that was clearly established at the time of

24

25  the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074 (U.S. 2011). A defendant cannot

26  be said to have violated a clearly established right unless the right's contours were sufficiently

27  definite that a reasonable officer in the defendant's shoes would have understood that he was

28

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

violating it. *Id.* Here, HARTER did not believe, and no reasonable officer in her shoes would have believed, that she was violating Plaintiff's Fourth Amendment rights by releasing him from custody and issuing him a criminal citation signed by a private citizen.

Although HARTER did not arrest Plaintiff as alleged, she had probable cause to arrest him. HARTER was dispatched to the Eldorado Hotel & Casino on the report of one person in custody for trespassing. Upon her arrival, HARTER was met by the Eldorado Security Supervisor who advised that they had taken Plaintiff into custody for trespassing because he refused to identify himself and he then refused to leave the premises when asked. (EXHIBIT 1, p.3) HARTER contacted the Plaintiff and discovered that he was carrying two identifications, one for his birth name and one for a Muslim name which he alleged that he legally changed his name to. Upon receiving his identification, HARTER released Plaintiff from custody and called him an ambulance. *Id.* Plaintiff now complains that HARTER'S "10 minute interrogation" violated his Fourth Amendment rights, and this claim is completely without merit.

The Fourth Amendment permits brief investigative stops when a law enforcement officer has "a particularized and objective basis for suspecting the particular person stopped of a criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-418 (1981); *Terry v. Ohio*, 392 U.S. 1 (1968). The "reasonable suspicion" necessary to justify such a stop is dependent upon both the content of information possessed by police and its degree of reliability. *Alabama v. White*, 496 U.S. 325, 330 (1990). And, the Supreme Court has firmly rejected the argument that reasonable cause for an investigative stop can only be based on the officer's personal observations, rather than on information supplied by another person. *Adams v. Williams*, 407 U.S. 143, 147 (1972).

1      Here, HARTER received information from a reliable source, the Security Supervisor, that

2  Plaintiff had been asked to leave the Eldorado Casino several times and refused.  The Supervisor

3  also advised HARTER that he had warned Plaintiff about the trespass laws and that he would be

4  arrested if he did not leave.  Furthermore, the Supervisor stated that he wanted to sign a criminal

5  complaint against the Plaintiff for trespassing.  Accordingly, HARTER was provided sufficient

6
trustworthy information to establish probable cause to arrest Plaintiff for the criminal trespass,
7
8  but she didn't.  Instead, she released him from custody and gave him a copy of the criminal

9  citation signed by the Eldorado Security Supervisor.  Therefore, HARTER did not violate

10  Plaintiff's constitutional rights and she should be given qualified immunity.

11 II

12
**CONCLUSION**
13

14      Plaintiff has failed to adequately plead a claim against Officer HARTER, CITY OF

15  RENO, or RENO POLICE DEPARTMENT upon which relief may be granted.  Plaintiff's

16  allegations against these moving Defendants fail to plead sufficient facts to state a cognizable

17  claim and therefore, the complaint is factually inadequate and should be dismissed in its entirety.

18  RESPECTFULLY SUBMITTED.

19
    DATED this ___20th___ day of October, 2014.
20
                JOHN J. KADLIC
21                 Reno City Attorney

22

23         By: /s/ Jack D. Campbell _____

24             JACK D. CAMPBELL
              Deputy City Attorney
25             Nevada State #4938
              Post Office Box 1900
26             Reno, Nevada  89505
27             (775) 334-2050
              *Attorneys for City of Reno*
28             *And Officer Harter*

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

## **List of Exhibits**

Reno Police Department Report No. 12-18357 ............................................................................. 1

Reno Police Department Complaint Citation No. 550502 ........................................................... 2

Motion to Dismiss without Prejudice in Case No. 12-18357,

City of Reno v. Ali Amir Abdul Aziz ......................................................................................... 3

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

1

**CERTIFICATE OF SERVICE**

2         Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY

3   ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on

4   the party(s) set forth below by:

5   _____          Placing an original or true copy thereof in a sealed envelope placed for collection
                    and mailing in the United States Mail, at Reno, Nevada, postage prepaid,
6                   following ordinary business practices.

7   _____          Personal delivery.

8     X             CM/ECF electronic service

9
    _____          Facsimile (FAX).
10

11  _____          Federal Express or other overnight delivery.

12  _____          Reno/Carson Messenger Service.

13

14  addressed as follows:

15  Ian E. Silverberg, Esq.
    227 Clay Street
16  Reno, NV 89501

17

18
          DATED this ___20th___ day of October, 2014.
19

20

21                              /s/ Katie Wellman
                                Katie Wellman
22                              Legal Assistant

23

24

25

26

27

28

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

-1-